UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ANGEL SUAREZ <br> Plaintiff, <br><br> V. <br><br> IHEARTMEDIA + ENTERTAINMENT, INC. <br> Defendant. | § <br> § <br> § <br> § <br> §   CIVIL ACTION NO. 5:18-cv-01237-XR <br> § <br> § <br> § <br> § |

**DEFENDANT IHEARTMEDIA + ENTERTAINMENT, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS:

Now comes IHEARTMEDIA + ENTERTAINMENT, INC., Defendant in the above-referenced matter, and files this its Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c) and in support thereof would show this Court as follows:

### I.  BACKGROUND AND ALLEGATIONS.

Plaintiff is an individual who resides in San Antonio, Bexar County, Texas. Defendant is a corporation headquartered in San Antonio, Bexar County, Texas that owns and operates several radio stations located in and around San Antonio, Texas, as well as other radio stations across the nation. Plaintiff filed this lawsuit, pro se, on November 2, 2018. A true and correct copy of Plaintiff's petition is attached hereto as Exhibit A.[1] It contains the following handwritten allegations:

> I am suing for monopoly practices based on USA Antitrust Laws also for not [practicing] equal opportunity. They play some song [sic] from artists at their favorite record label and never play my songs on my album "Latino Supremacist." Fans called, send request on [T]witter[,] social media, email, I sent the songs by email letter and all ways and [*word is unclear*] still not playing my songs. I los[t] profit opportunities and royalty.

---

[1] Plaintiff's petition was originally filed in state court, but Defendant removed the lawsuit to this Court based on Plaintiff's allegations of "USA Antitrust Laws." *Exhibit A*.

Also to play any of the Eastar record label songs.

Plaintiff further alleges he seeks damages in the amount of $7 million.  *See Exhibit A*.

## II.     ARGUMENT.

### A.  Pleading Standard under Fed. R. Civ. P. 12(c).

Defendant moves for judgment on the pleadings and a dismissal of Plaintiff's lawsuit pursuant to Rule of Civil Procedure 12(c).  Motions brought under Rule 12(c) are intended to dispose of cases "where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.* 914 F.2d 74, 76 (5th Cir. 1990).  In deciding a Rule 12(c) motion, "[t]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes v. Tobacco Inst.*, 278 F.3d 417, 420 (5th Cir. 2001).

The Fifth Circuit has repeatedly held that "the standard for review under Rule 12(c) is the same as that under Rule 12(b)(6)." *Trevino v. Pechero*, 592 F.Supp.2d 939, 944 (S.D. Tex. 2008) (citing *In re Enron Corp. Securities, Derivative & "ERISA",* 439 F.Supp.2d 692 (S.D. Tex. 2006) and *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002)).  To survive a motion filed under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level" to be considered plausible.  *Jasper v. Hardin Cnty. Sheriff's Dept.*, Civil No. 11-CV-408, 2012 U.S. Dist. 138260 *32 (E.D. Tex. Sept. 5, 2012) (quoting *In re Great Lakes*, 624 F.3d 201, 210 (5th Cir. 2010)).

In determining whether a complaint states a valid claim for relief, the Court must accept as true all well-pleaded facts and construe the complaint most favorable to the Plaintiff. *Jasper* at *32–33 (citing *In re Great Lakes*, 624 F.3d at 210). However, a Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Jasper* at *33 (quoting *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007)). Dismissal under Rule 12(b)(6) is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Yale & Annie Slocum v. Livington, Civ.* Action H-11-486, 2012 U.S. Dist. LEXIS 79792 (S.D. Tex. June 8, 2012) (quoting *Ramming*, 281 F.3d at 161); see also *ASARCO, LLC v. Americas Min. Corp.*, 382 B.R. 49, 57 (S.D. Tex. 2007) ("Dismissal 'can be based either on a lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" [citation omitted])).

By its own terms, Plaintiff's pleading claims "monopoly practices" under "USA Antitrust Laws," and also that Defendant has apparently not afforded Plaintiff "equal opportunity" because Defendant has not played any of Plaintiff's songs or any songs from the "Eastar record label." Plaintiff does not specify the "monopolistic practices" allegedly performed by Defendant, nor does he specify the specific "USA Antitrust Laws" which Defendant allegedly violated. It can be generally assumed that such monopoly/antitrust allegations could fall under the Sherman Act Sherman Act sections 1 and/or 2, 15 U.S.C. §§ 1-2, and/or the Clayton Act, 15 U.S.C. § 18. These statutes are discussed below.

### B. Sections 1 and 2 of the Sherman Act.

A claim under Section 1 of the Sherman Act would require allegations that a conspiracy existed affecting interstate commerce that imposes an unreasonable restraint on trade to the damage of the plaintiff. *C.G. Dillard v. Merrill Lynch, Pierce, Fenner, & Smith Inc.*, 961 F.2d 1148, 1152

(5th Cir. 1992); *J.T. Gibbons, Inc. v. Crawford Fitting Co.,* 704 F.2d 787 (5th Cir. 1983). The plaintiff must further allege facts to allow determination of whether the alleged activity is a horizontal or vertical restraint of trade. *See Chawla v. Shell Oil Co.*, 75 F.Supp.2d 626, 655-657 (S.D. Tex. 1999) (*citing Red Diamond Supply, Inc. v. Liquid Carbonic Corp.*, 637 F.2d 1001, 1004 (5th Cir. 1981)). A vertical restraint must be analyzed under the rule of reason. *Id.* Notably, "a corporation cannot conspire or combine with its own officers, employees, or wholly owned sales divisions and outlets" in violation of section 1 of the Sherman Act. *Domed Stadium Hotel, Inc. v. Holiday Inns, Inc.*, 732 F.2d 480, 486 (5th Cir. 1984). Further, it is long-established that the Sherman Act does not "restrict the right of a trader or manufacturer … freely to exercise [its] own independent discretion as to the parties with whom [it] will deal." *United States v. Colgate & Co.*, 250 U.S. 300, 307, 39 S. Ct. 465 (1919).

It is also long-established that a claim of violation of Section 2 of the Sherman Act requires proof of the existence of a combination or conspiracy, an overt act in furtherance of a conspiracy, a substantial amount of commerce affected, and specific intent to monopolize. *United States v. Yellow Cab Co.*, 332 US. 218, 67 S. Ct. 1560 (1947). Such a conspiracy to monopolize under Section 2 of the Sherman Act requires even greater proof than needed to prove a Section 1 violation. *International Distrib. Centers v. Walsh Trucking Co.*, 812 F.2d 786, 793 (2d Cir.), *cert. denied,* 482 U.S. 915, 107 S. Ct. 3188 (1987).

### C. The Clayton Act.

A plaintiff only has standing to bring an antitrust suit under the Clayton Act if the plaintiff can show the following: [1] an injury to the plaintiff proximately caused by the defendant's conduct, [2] antitrust injury, and [3] proper plaintiff status, which assures that other parties are not better situated to bring suit. *Doctor's Hospital of Jefferson, Inc. v. Southeast Med. Alliance*, 123 F.3d 301,

305 (5th Cir. 1997).  Antitrust injury has been described as "injury of the type the antitrust laws are intended to prevent and that flows from that which makes the defendants' acts unlawful.  The injury should reflect the anti-competitive effect either of the violation or of anticompetitive acts made possible by the violation."  *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 97 S. Ct. 690, 697 (1977).

### D.  Plaintiff's Petition Fails to State a Valid Claim Against Defendant.

Plaintiff's petition fails to allege any facts to indicate Defendant has taken any action that would make it liable to Plaintiff under the Sherman Act, the Clayton Act, or any other antitrust law.  There are no allegations that Defendant engaged in a conspiracy, attempted to restrain trade, or engaged in a monopoly.  Plaintiff does not allege facts showing he has proper standing to bring any antitrust claims, or how any alleged anti-competitive or monopolistic practices by Defendant have proximately caused injury to plaintiff.  Plaintiff's claims are based simply on the allegation that Defendant has not played any of his songs, or songs on the "Eastar record label," despite some alleged fan requests on social media.  This is simply not the basis for any antitrust suit.

More importantly, there are no facts Plaintiff could plead that would turn his claim into an antitrust claim, even if he was given a chance to re-plead.  Furthermore, Plaintiff's vague claim that Defendant did not practice "equal opportunity" has no basis in law or fact.  Plaintiff has failed to allege facts that would entitle him to some sort of "equal opportunity" or how Defendant somehow deprived him of any kind of opportunity.  There is simply no cause of action for not practicing "equal opportunity."

Plaintiff's claims are wholly frivolous on their face and should be dismissed.  Frankly, if Plaintiff had retained an attorney and the attorney had filed these claims, Defendant would be asking this Court for an award of sanctions to compensate for the attorney's fees and expenses incurred in

having to respond to these frivolous claims. Defendant respectfully asks this Court to render judgment on the pleadings that Plaintiff take nothing and dismiss Plaintiff's lawsuit with prejudice.

WHEREFORE, PREMISES CONSIDERED, Defendant IHEARTMEDIA + ENTERTAINMENT, INC. prays that this Court grant this Motion for Judgment on the Pleadings in favor of Defendant and that Plaintiff take nothing by his claims, that this lawsuit be dismissed with prejudice, and for such other further relief to which it may be justly entitled.

Respectfully submitted,

**ESPEY & ASSOCIATES, PC**
12400 San Pedro Avenue, Suite 200
San Antonio, Texas 78232
Telephone:     (210) 404-0333
Telecopier:     (210) 404-0336

By: _____
RICHARD W. ESPEY
State Bar No. 06667580
Email: espeyservice@lawespey.com
*service by email to this address only

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document is being served in compliance with the FEDERAL RULES OF CIVIL PROCEDURE on December 21, 2018, on the following pro se party:

Angel Suarez
Eastar Music
1410 Guadalupe, Ste. 114
San Antonio, Texas 78207
*Pro Se Plaintiff*

_____
RICHARD W. ESPEY