IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANGEL SUAREZ, | § § § § | |
| *Plaintiff,* | § § | Civil Action No. SA-18-CV-1237-XR |
| v. | § § | |
| IHEARTMEDIA + ENTERTAINMENT, INC., | § § § § | |
| *Defendant.* | § § | |

**ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS**

On this date, the Court considered Defendant iHeartMedia's Motion for Judgment on the Pleadings. Docket no. 10. Plaintiff Angel Suarez, proceeding pro se, did not respond, but the Court will consider all applicable filings to determine whether dismissal is warranted. After careful consideration, the Court GRANTS Defendant's motion and dismisses Plaintiff's claims without prejudice.

**BACKGROUND**

On November 2, 2018, Plaintiff filed his Original Petition in the 225th Judicial District Court of Bexar County, Texas. Docket no. 1-2. He alleges he is "suing for monopoly practices based on USA antitrust laws" and for not practicing "equal opportunity." *Id.* He alleges Defendant plays songs "from artists of their favorite record label and never play my songs on my album 'Latino Supremacist.'" *Id.* Plaintiff alleges that fans have requested his songs and that he has sent his songs to Defendant. *Id.* Because Defendant has not played his music, he alleges he has lost profit opportunities and royalties and seeks $7,000,000 in damages and an order that Defendant "play one of the Eastar record label songs." *Id.*

On November 28, Defendant removed to this Court. On December 21, Defendant filed its Motion for Judgment on the Pleadings. Docket no. 10. Defendant argues that Plaintiff's claim "based on USA antitrust laws," which must be construed as a claim under the Sherman Act or Clayton Act, fails under either statute. *Id.* Further, Defendant seeks dismissal with prejudice because Plaintiff could allege no viable antitrust claim even if allowed to re-plead. *Id.* at 5. Plaintiff did not respond to this motion, but he filed on December 28 a document entitled "Proof Requested." Docket no. 11. This document functions as a table of contents for an attached CD that contains letters, calls, and emails that Plaintiff alleges are proof his songs have been requested and are "an initial proof but this is not the only thing we have in our power." *Id.* Defendant objected to the included evidence on January 11, 2019, and although Plaintiff's filing was not a response to Defendant's motion, Defendant included a reply in support of its motion anyway. Docket no. 13.

## LEGAL STANDARD

Defendant moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). "The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)." *Chauvin v. State Farm Fire & Cas. Co.*, 495 F.3d 232, 237 (5th Cir. 2007) (citing *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004)); *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007) (adopting the same standard after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim for relief must contain (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). In considering

2

a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* Judgment on the pleadings is only appropriate when "the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2009).

## DISCUSSION

The Court liberally construes Plaintiff's allegations "under the USA antitrust laws" as stating a claim under the Sherman Act or the Clayton Act. The Court is aware of no basis in the law, however, for Plaintiff's claim for "equal opportunity" in Defendant's allocation of radio airtime, no matter how liberally construed. Docket no. 1-2. To the extent that this phrase represents a cause of action independent of Plaintiff's antitrust claim, that cause of action is dismissed.

Further, Plaintiff fails to state a viable claim under any antitrust law. First, Section 1 of the Sherman Act, 15 U.S.C. § 1, requires a plaintiff to show that the defendants "(1) engaged in a conspiracy (2) that restrained trade (3) in a particular market." *MM Steel, L.P. v. JSW Steel (USA) Inc.*, 806 F.3d 835, 843 (5th Cir. 2015) (quoting *Spectators' Commc'n Network Inc. v. Colonial Country Club*, 253 F.3d 215, 220 (5th Cir. 2001)). Here, Plaintiff does not allege a restraint on trade or a particular market. To the extent his complaint can be read as alleging conspiracy, these allegations are conclusory and lack sufficient facts.

Second, a claim under Section 2 of the Sherman Act, 15 U.S.C. § 2, requires a plaintiff to show "(1) that the defendant has engaged in predatory or anticompetitive conduct with (2) a specific intent to monopolize and (3) a dangerous probability of achieving monopoly power." *Retractable Techs., Inc. v. Becton Dickinson & Co.*, 842 F.3d 883, 891 (5th Cir. 2016) (quoting *Spectrum Sports, Inc. v. McQuillan*, 506 U.S. 447, 456 (1993)). Here, Plaintiff's allegations do not satisfy any element.

Third, the Clayton Act prohibits price discrimination, 15 U.S.C. § 13, and tying agreements (sales made on the agreement not to use the goods of a competitor), 15 U.S.C. § 14. No substantive provision of the Clayton Act is put in issue by Plaintiff's allegations. Further, standing to pursue an antitrust suit requires the plaintiff to show "1) injury-in-fact, an injury to the plaintiff proximately caused by the defendants' conduct; 2) antitrust injury; and 3) proper plaintiff status, which assures that other parties are not better situated to bring suit." *Doctor's Hosp. of Jefferson, Inc. v. Se. Med. All., Inc.*, 123 F.3d 301, 305 (5th Cir. 1997). The requirement for antitrust injury is necessary for a Sherman Act claim and is inferred from Section 4 of the Clayton Act. *Id.* (citing 15 U.S.C. § 15(a)). Antitrust injury is "injury of the type the antitrust laws were intended to prevent and that flows from that which makes the defendants' acts unlawful. The injury should reflect the anticompetitive effect either of the violation or of anticompetitive acts made possible by the violation." *Brunswick Corp. v. Pueblo Bowl–O–Mat, Inc.*, 429 U.S. 477, 489 (1977). Plaintiff seeks millions of dollars in damages but has not adequately alleged any injury, much less one that reflects the "anticompetitive effect" of Defendant's conduct. Thus, Plaintiff does not state any viable claim, antitrust or otherwise, and dismissal is warranted.

Finally, Defendant asks that the Court dismiss with prejudice, as Plaintiff's claims are frivolous and no additional facts could cure the pleading's deficiencies. It is true that on these facts

Plaintiff states no claim, and that far more factual material is needed for any claim to survive a Rule 12 motion. But given Plaintiff's pro se status and the dearth of pleaded facts, the Court cannot reliably assess whether a viable claim is possible. Thus, Plaintiff's claims are dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Judgment on the Pleadings (docket no. 10) is GRANTED. Plaintiff's claims are DISMISSED WITHOUT PREJUDICE. The Clerk is directed to close this case.

It is so ORDERED.

SIGNED this 22nd day of January, 2019.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE